IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ESTATE OF RAYMOND GUDINO, by Lesha Creek as Personal Representative and LESHA CREEK, individually,<br><br>        Plaintiff,<br><br>  v.<br><br>HAMILTON COUNTY SHERIFF'S DEPARTMENT, OFFICER JARROD HILL, OFFICER KEVIN HALE, and NURSE TIM REED,<br><br>        Defendants. | Case No.  1:18-cv-00653 |

**COMPLAINT FOR WRONGFUL DEATH
AND REQUEST FOR JURY TRIAL**

Comes now, the Plaintiffs, the Estate of Raymond Gudino, by Lesha Creek as Personal Representative, by counsel, and for Plaintiffs' Complaint for Wrongful Death and Request for Jury Trial, state as follows:

**Jurisdiction and Introduction**

1.  This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the Indiana State Constitution and under the common law of the State of Indiana, against the above-named Defendants, in their individual capacities and their official capacities.

2.  That jurisdiction is based upon 20 U.S.C. §§ 1331 and 1343 and on the pendant jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

3. That this lawsuit asserts claims for relief for violation of constitutional rights and for violation of Indiana law.

4. That the Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), with the amount in controversy exceeding Seventy-Five Thousand Dollars ($75,000.00) and this action is brought pursuant to the Indiana Child Wrongful Death Statute, I.C. 34-23-2-1.

5. That on or about June 8, 2017, Raymond Gudino, was a juvenile inmate specifically at the Hamilton County Juvenile Detention Center, at 18106 Cumberland Road, Noblesville, Indiana 46060, and the Defendants herein above, acted individually and in their official capacities, under the color of law and within the course and scope of their employment, by violating Hamilton County Juvenile Detention (hereinafter referred to as "HCJD") rules, regulations, policies, and procedures regarding treatment of juvenile detainees, particularly Raymond Gudino, herein, who was not provided proper monitoring, observation, and medical treatment, and subsequently died as a direct and proximate result of the failure of the Defendants to follow their own policies, regulations, and procedures including, but not limited to, procedures pertaining to juvenile detainees. The Defendants were on notice of the Decedent's past attempts to commit suicide, and his mental health diagnoses, and still violated his constitutional rights, and their own regulations, policies, and procedures pertaining to the treatment of juvenile detainees.

6. On or about June 6, 2017, Raymond Gudino had been placed on medical lockdown when he ate a bar of soap, and he was placed in a cell by himself at this time. He remained in a cell by himself through June 8, 2017. The Defendants and each of them did not receive sufficient training with respect to suicide precautions, suicide risk, first aid and CPR.

7. The Defendants were to be in contact with Raymond Gudino at least every fifteen (15) minutes and further by the Defendants' own admission they were to conduct block checks every fifteen (15) minutes. The Defendants failed to provide proper observation for Raymond Gudino despite his prior mental history and suicidal ideation constituting deliberate indifference to his constitutional rights.

8. Further Defendants failed to provide proper medical treatment constituting a deliberate indifference to the serious medical needs of Raymond Gudino, and said failure to provide proper medical attention including, but not limited to, mental health attention resulted in the death of Raymond Gudino in violation of his constitutional rights.

## Common Allegations

9. That paragraphs 1 through 8, inclusive, of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth.

10. That the Decedent, Raymond Gudino, at all times pertinent hereto, was a resident of Hamilton County, Indiana and as the result of the wrongful acts complained of herein, and died on June 14, 2017.

11. That the Decedent's mother, Lesha Creek, is the Personal Representative in the matter of the Estate of Raymond Gudino as filed in the Hamilton County Probate Court, Estate Number 29D03-1706-EU-000239.

## Parties

12. That paragraphs 1 through 11, inclusive, of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth.

13.     That Plaintiff Lesha Creek is a female citizen of the State of Indiana, residing in Noblesville, Indiana, and is the mother of Raymond Gudino, deceased, and the Personal Representative of the Estate of Raymond Gudino.

14.     The Hamilton County Sheriff's Department is a public entity formed and designated as such in accordance with the Indiana Code and, as such, subject to civil suit and may be held independently or vicariously liable for the wrongful conduct of its officers, employees, agents or ostensible agents, including the individual members of the Hamilton County Sheriffs' Department.

15.     That the Defendant Officer Jarrod Hill was at all times herein an employee of the Hamilton County Sheriff's Department located 18106 Cumberland Road, Noblesville, Indiana 46060.

16.     That the Defendant Officer Kevin Hale was at all times herein an employee of the Hamilton County Sheriff's Department located 18106 Cumberland Road, Noblesville, Indiana 46060.

17.     That the Defendant Nurse Tim Reed was at all times herein an employee of the Hamilton County Sheriff's Department located 18106 Cumberland Road, Noblesville, Indiana 46060.

**Factual Basis for Claims for Relief**

18.     That paragraphs 1 through 17, inclusive, of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth.

19.     The Hamilton County Sheriff's Department is legally responsible for the management of the Juvenile Detention Center, and the establishment and implementation of policies, procedures, protocols that govern the processing, handling, and management of juvenile

detainees who are in custody, and their responsibility includes making certain that such policies, procedures and protocols satisfy all federal and state standards.

20. That the Hamilton County Sheriff's Department is legally responsible for the screening, hiring, training, and supervision of all employees who have responsibility for the processing, handling, and management of juvenile detainees in the custody of the Juvenile Detention Center. This responsibility includes making certain that such employees satisfy all federal and state standards.

21. That the Hamilton County Sheriff's Department is an agency of Hamilton County responsible for operating and overseeing the Juvenile Detention facility located at 18106 Cumberland Road, Noblesville, Indiana.

22. That the Defendants took no steps, or grossly inadequate steps to implement procedures and protocol complying with the United States Constitution and the Indiana State Constitution, and their own rules and procedures and the common law of the State of Indiana with respect to the incarceration and treatment of Raymond Gudino, and also failed to take steps to ensure on the date of his death that the procedures that were in place for his proper care and treatment while in detention were followed.

23. That Raymond Gudino was a seventeen (17) year old male who was an inmate in the Hamilton County Juvenile Detention Center, 18106 Cumberland Road, Noblesville, Indiana 46060.

## Theories of Liability and Claims for Relief

24. That paragraphs 1 through 23, inclusive, of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth.

25. That the Defendants collectively demonstrated deliberate indifference to the Decedent's medical, mental and emotional needs and also pursuant to general procedures for his incarceration under the circumstances where it was understood that he had mental health issues and prior suicide attempts.

26. That the Defendants, directly through their employees or agents were responsible for the training of those who should have provided proper monitoring, observation and treatment of Raymond Gudino, and were deliberately and callously indifferent to the training of Juvenile Detention personnel and staff in regard to appropriate observation, treatment, and monitoring of juvenile inmates, and violated lawful constitutional policies, procedures and protocols for medical treatment and confinement of juveniles required to be afforded to juvenile detainees.

27. That the Defendants and each of them were deliberately and recklessly indifferent to the proper observation and medical care of Raymond Gudino

28. That the Defendants and each of them permitted the implementation of inappropriate *de facto* practices which deviated from their own policies and acceptable standards. The unconstitutional conduct of the Defendants as alleged herein, by implementing and executing the following practices:

    a. implicit approval and acquiescence to a deviation from the policies and procedures for the Juvenile Detention Center and treatment of juvenile detainees;

    b. failure to ensure that Juvenile Detention policies and procedures were implemented and not deviated from by staff;

    c. failure to abide by the policies and procedures requiring the gathering of mental health history for juvenile detainees;

      d.    failure to adequately train personnel and supervised personnel; and

      e.    failure to provide appropriate medical screening and evaluation.

29.    That the Defendants, and each of them, failed to comply with the provisions of state and federal statutes and failed to provide appropriate observation and medical treatment pursuant to the Indiana and United States Constitution.

## Count I

### Violations of 42 U.S.C. § 1983 Deprivation of Rights, Privileges and Immunities Secured by the Constitution and Law of the United States

30.    That paragraphs 1 through 29, inclusive, of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth.

31.    That the wrongful conduct of the Defendants, as alleged herein, constitutes violations under the color of state law and of Title 42 U.S.C. § 1983, and that with deliberate and callous indifference, they deprived Raymond Gudino of his life's rights, privileges and immunities secured to him by the constitution and laws of the United States.

## Count II

### Violations of United States Constitution Article IV, Section II Denial of Privileges and Immunities Secured to All Citizens

32.    That paragraphs 1 through 31, inclusive, of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth.

33.    That the wrongful conduct of Defendants, as alleged herein, constitutes violations of the United States Constitution, Article IV, Section II, in that Raymond Gudino was denied privileges and immunities granted to all citizens of the United States.

### Count III

### Violations of the United States Constitution Amendment XIV, Section I
### Deprivation of Privileges Guaranteed to All Citizens;
### Deprivation of Life and Liberty Without Due Process of Law;
### Denial of Equal Protection of the Laws

34. That paragraphs 1 through 33, inclusive, of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth.

35. That the wrongful conduct of the Defendants, as alleged herein, under the color of state law constitutes violations of the United States Constitution, Amendment XIV in that Plaintiff, Lesha Creek, was deprived of her constitutional interest in the continued familial companionship and society of her son on behalf of her son's heirs at law and interested parties.

36. That the wrongful conduct of the Defendants, as alleged herein, and under the color of state law, constitutes violations of the United States Constitution, Amendment XIV, in that Raymond Gudino was deprived of privileges and immunities guaranteed to all citizens of the United States; was deprived of his life and liberty without due process of law; and was denied the equal protection of the law.

### Count IV

### Violations of the United States Constitution, Amendment VIII
### Prohibition Against Cruel and Unusual Punishment

37. That paragraphs 1 through 36, inclusive, of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth.

38. That the wrongful conduct of Defendants, as alleged herein, and under the color of state law, constitutes violations of the United States Constitution, Amendment VIII, in that Plaintiff was subject to cruel and unusual punishment by the deliberate indifference to serious

medical needs, constituting unnecessary and wanton infliction of pain; that the failure of Defendants herein to provide him proper monitoring, observation and medical attention resulted in additional injury, suffering, and the death of Raymond Gudino.

### Count V

39. That paragraphs 1 through 38, inclusive, of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth.

40. That as the direct and proximate result of the wrongful conduct of all the Defendants, as alleged herein, Raymond Gudino died.

41. That as a direct and proximate result of the violation of Raymond Gudino's constitutional rights, and the acts and/or omissions of the Defendants, as alleged herein, Raymond Gudino, lost his life, which includes physical pain and mental suffering experienced by Raymond Gudino and his mother, Lesha Creek; mental pain and suffering; loss of companionship; lost services; loss of care, protection and guidance; the value of Raymond Gudino's lost time and earnings; funeral expenses; and such other loss and damages which Lesha Creek, and the Estate of Raymond Gudino are legally entitled to recover.

42. That pursuant to the provisions of 42 U.S.C. § 1988 and Indiana's Child Wrongful Death Act, Plaintiffs are entitled to recover attorney's fees as to the cause of action alleged in the Constitution and the laws of the United States.

WHEREFORE, the Estate of Raymond Gudino and Lesha Creek, pray for a judgment as against the Defendants in amount which will fully and fairly compensate the Estate of Raymond Gudino, including punitive damages in an amount deemed just and reasonable against the individual Defendants as to the causes of action alleged herein, attorney's fees against all the Defendants as to the causes of action alleged under the Constitution and laws of the United

States, costs of litigation, and such other further and proper relief to which the Court may deem just and unreasonable under the circumstances.

## REQUEST FOR JURY TRIAL

Come now, the Plaintiffs, Estate of Raymond Gudino by Lesha Creek as Personal Representative and Lesha Creek, individually, and respectfully request that all issues in this matter be tried before a jury.

Respectfully submitted,

*/s/ Scott A. Benkie*
Scott A. Benkie, #4327-49
BENKIE & CRAWFORD
The Inland Building
156 East Market Street, 2nd Floor
Indianapolis, IN 46204
Phone:   (317) 632-4448
Fax:       (317) 637-8555
E-mail:  bclaw@sbcglobal.net

Attorneys for Plaintiffs